Howard A. BOYLE d/b/a Boyle Sales

v.

Samuel SHARE d/b/a Carroll's Cut Rate.

Supreme Judicial Court of Maine.

Sept. 7, 1977.

---

James Martin Dineen, James H. Dineen, Kittery, for plaintiff.

Cole, Daughan & Broderick by Francis P. Daughan, Wells, Basil L. Kellis, Sanford, for defendant.

Before DUFRESNE, C. J., and WEATH-ERBEE,* POMEROY, and ARCHIBALD, JJ.

POMEROY, Justice.

This appeal arises from a complaint in District Court on an account [1] and from an attachment, ancillary to the complaint, of certain sums of money derived from the appellee's cash receipts.

The appellee, Samuel Share, was duly served on August 18, 1973, with the complaint, summons, motion for approval of personal property attachment, and a notice of hearing and affidavit supporting the motion. Hearing was held on the motion on August 28, at which the appellee failed to appear either in person or by counsel. A writ of attachment was then approved on that date in an amount not to exceed $2,800.00. A day or so later, an agreement was reached between Share, Boyle (appellant), and Boyle's attorney on a method of payment to settle the debt. The agreement was made so as to avoid having a keeper placed in Share's store. Under its terms, Share paid $1,200.00 to Boyle's attorney.

On August 31, however, the appellee moved both to have the attachment set aside and that the court order appellant's attorney to return the $1,200.00. The next

---

* WEATHERBEE, J. sat at argument and participated in consultation but died prior to preparation of opinion.

1. The complaint prayed for judgment in the amount of $2,491.35.

day the writ of attachment was served on Mr. Share. A deputy sheriff, acting as a keeper, then attached $283.00 from Share's cash receipts. An answer generally denying the allegations in the complaint was thereafter filed. A hearing was held on appellee's two motions [2] on September 21 and November 27. On March 22, 1974, the District Court denied the motions and granted judgment for the appellant in the amount prayed for.

The appellee seasonably appealed to the Superior Court.

In July and August of 1974, deputy sheriffs entered the appellee's store, apparently at the request of appellant's attorney, and attached further cash receipts. These attachments occurred before the hearing on the appeal in Superior Court and well after 30 days following the approval of the writ of attachment.

This action prompted a new motion on July 26 by the appellee requesting the Superior Court to order the return of the attached receipts. After a hearing, the Superior Court, on August 13, ordered the attorney to return the amounts attached. On August 29, the court held further that the original writ of attachment of August 28, 1973 was null and void. The reasons cited for this finding were that appellant's motion failed to conform to the rules of civil procedure; that the affidavit was invalid; and that appellant did not specifically petition the District Court for permission to put a keeper in appellee's store. The court also ordered judgment for appellant reversed since the transcripts of the hearings before the District Court showed that the hearings related solely to the motions, not the merits. The case was remanded to District Court.

On September 13 the appellant filed his appeal to this court from both the August 13 and the August 29 orders. Appellee moved to dismiss for untimeliness that part of the appeal relating to the August 13 order. The motion was granted and appellant seasonably appealed that dismissal.

The appellant now urges four grounds of appeal upon us. The first is that the Superior Court had no jurisdiction to entertain the July 26 motion for return of improperly attached goods since jurisdiction remained in the District Court. The second urges reinstatement of the District Court judgment on the merits. The third seeks reversal of the Superior Court's finding that the original August 28 writ of attachment was null and void. Finally, appellant argues error in the dismissal of the appeal from the August 13 order. Appellant asserts that the order was not a final judgment but was reviewable in the appeal from the action finally adjudicated on August 29.

We sustain the appeal to the extent it urges reinstatement of the District Court judgment. We deny the rest of the appeal.

The first issue to be examined is whether the August 13 order was a final judgment requiring an appeal to be filed within 30 days as mandated by M.R.Civ.P., Rule 73(a).

■ We find the order to be within the "collateral order" exception to the final judgment rule and that the appeal is untimely. This being so, we have no jurisdiction to reach appellant's first ground of appeal relating to whether the Superior Court had jurisdiction over the July 26 motion.

■ Ordinarily, no appeal will lie to this court unless the appeal is from a final judgment. *Northeast Investment Co. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 848 (1976). There are certain exceptions to this rule, however. One exception is described by M.R.Civ.P., Rule 72(c) which permits interlocutory orders or rulings to be reported to the Law Court when the presiding justice believes that questions of law have been presented which require determination prior to any further proceedings in the case. Another exception is the "collateral order" rule, most recently approved by this court in *Leisure Living, supra.* In *Leisure Living, supra* at 849, we noted that this court has consistently followed the rule adopted by the United States Supreme

2. Whether the hearing was also on the motions is at issue in this appeal.

Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[3]

In *Foisy v. Bishop*, Me., 232 A.2d 797 (1967), we held that an appeal may be taken from an interlocutory ruling vacating an attachment. This rule was expanded in *Leisure Living, supra,* to include appeals from interlocutory rulings upholding an attachment.[4] The August 13 order in the instant case seems to fall squarely within the rule.

*Cohen* listed two requirements to be met before an interlocutory order could be appealed. The first is that the claim be *"important"*; the second is that the order be independent from the main action. 337 U.S. at 546, 69 S.Ct. 1221. Both these requirements are fulfilled here. Both *Foisy v. Bishop, supra,* and *Leisure Living, supra,* recognized that important rights were at issue when property is attached. The former case noted that an order vacating an attachment might occasion " 'great and irreparable' " loss to the plaintiff. 232 A.2d at 798. *Accord, Swift & Co. Packers v. Compania Columbiania Del Caribe*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). *Leisure Living* noted, on the other hand, the importance to the defendant of protecting his property from the restraints of attachment. 351 A.2d at 850.[5]

This order is also independent of the main action. The main action concerns the liability of appellee on a debt and the validity of attachments made pursuant to a writ relating to the debt. The attachments at issue here were made considerably more than 30 days after the writ of attachment[6] and were not made pursuant to it.[7] The order here was clearly collateral to the original proceedings.

■ While the present case falls within the "collateral order" rule, we must still decide whether the order is nevertheless reviewable in the appeal from the Superior Court's final judgment on the merits. We find that the matter is not reviewable.

Neither *Foisy v. Bishop, supra,* nor *Leisure Living* dealt with the reviewability of a collateral order in the appeal from the final judgment. In *Auburn Sav. Bank v. Portland R. Co.,* 144 Me. 74, 65 A.2d 17 (1949), *cert. denied* 338 U.S. 831, 70 S.Ct. 74, 94 L.Ed. 506, *rehearing denied* 338 U.S. 881, 70 S.Ct. 156, 94 L.Ed. 541, we held that appeals taken from interlocutory orders and decrees were reviewable in the appeal from the final decree insofar as they were relevant and properly before the court. *Id.,* 144 Me. at 88, 65 A.2d at 24. It is not clear from that case, however, whether the interlocutory orders merely went up to the Law Court on report or whether they were truly

3. *Cohen* concerned the appealability of a Federal District Court order refusing to apply a state statute making plaintiffs liable for reasonable costs in the event they were unsuccessful in a stockholders' derivative suit. The Court stated:

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225.

4. Our expansion of the "collateral order" rule goes beyond what some federal courts have been willing to allow. *See West v. Zurhorst,* 425 F.2d 919 (2nd Cir. 1970) (court refused to allow the appeal of an order denying a motion to vacate an attachment). We nevertheless believed this expansion to be necessary in light of the significant due process rights of a de-

fendant in having his property free from attachment. *Leisure Living, supra* at 850.

5. The order in the present case is not technically in the form of an order vacating or upholding an attachment. Nevertheless, the effect of the order here is the same as an order vacating an attachment. In both cases, the attachment is rendered invalid.

6. M.R.Civ.P., Rule 4A(c) states that "[a]ny attachment shall be made within 30 days after the order approving the writ of attachment." The writ here was approved on August 28, 1973, while these attachments were made in July and August of the following year.

7. It is not clear why or on what basis these attachments were made. The reasons, if any, were not touched on in the briefs, and appellant's counsel declined to argue them at oral argument.

collateral orders within the exception to the final judgment rule.

■ In the federal courts, certain interlocutory orders are appealable by virtue of statutes expressly authorizing the appeal. Where such a statute is involved in an appeal, the courts are split as to whether failure to take the appeal precludes the appellant from seeking review of the issue in a subsequent appeal from the final judgment. The preferred result seems to be that the appellant is not precluded. *See Victor Talking Mach. Co. v. George*, 105 F.2d 697 (3rd Cir. 1939), *cert. denied* 308 U.S. 611, 60 S.Ct. 176, 84 L.Ed. 511 (1939); *Moore's Federal Practice*, § 110.18. Since an interlocutory order is related to the main action, the rule allowing merger of the appeal from the order with the appeal from the final decree is well founded. In view of the complete separability of a collateral order from the final decree, however, the above rationale should not apply to the "collateral order" rule. *See generally*, Field, McKusick, Wroth, *Maine Civil Practice*, § 73.2 at 161. The dismissal for untimeliness of the appeal from the August 13 order was therefore proper.

■ The two remaining points on appeal may be dealt with briefly. M.R.Civ.P., Rule 4A(h) requires that affidavits supporting a motion for approval of attachments "shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that he believes this information to be true." Nowhere in appellant's affidavit is it stated that the facts set forth were upon the affiant's own knowledge, information and belief. Nowhere does the affiant state that he believes the information to be true. The affidavit was fatally defective. The Superior Court was correct in finding the August 28, 1973 order approving attachment to be null and void. *Cf., Leisure Living, supra* at 854. Since the attachment is deficient in this regard, we need not reach the other reasons cited by the court below for vacating the attachment.

■ We sustain appellant's appeal regarding the merits, however. Hearings in this case were held in District Court on September 21, and November 27, 1973. At the commencement of the hearings, the presiding judge noted that appellant had made a motion that there be a hearing on the merits after the hearing on appellee's motions. While the transcripts of the hearings do not demonstrate that the hearings on the motions formally led to a hearing on the merits, there is nevertheless evidence in the record relating to the merits. Both appellant and appellee acknowledge the existence of the debt and its amount. That the hearing included the merits is also evidenced by the fact that the presiding judge believed the merits had been reached and pronounced judgment for the appellant in the amount acknowledged at the hearings.

Since the District Court's judgment on the merits was not clearly erroneous, the Superior Court order reversing the District Court judgment for appellant in the sum of $2,491.35 plus costs is hereby reversed. The District Court judgment is reinstated.

The entry must be:

Appeal sustained in part. District Court judgment for plaintiff in the sum of $2,491.35 reinstated, plus costs.

Appeal denied in part.

WERNICK and DELAHANTY, JJ., did not sit.

All Justices concurring.