Nancy V. MacDOUGALL

v.

Charles B. MacDOUGALL.

Supreme Judicial Court of Maine.

July 18, 1979.

Fales & Fales by Roscoe H. Fales, Lewiston (orally), for plaintiff.

Lipman, Parks, Livingston, & Lipman, P. A. by John M. Parks (orally), Sumner H. Lipman, Roger J. Katz, Augusta, for defendant.

Before WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On March 8, 1978 plaintiff Nancy MacDougall obtained a judgment of divorce from the District Court (District 8) which also ordered defendant Charles MacDougall to pay her the sum of seven thousand dollars "in lieu of alimony." See 19 M.R.S.A. § 721 (Supp.1978). Defendant appealed from the judgment, as entered, to the Superior Court (Androscoggin County), contending that the lump sum award was made erroneously in that it rested on a valuation assigned to certain real property notwithstanding that the record was barren of evidence as to such value. After it reviewed the case, the Superior Court concluded that defendant must prevail. By a "Decision and Order" entered October 18, 1978 it set aside the judgment of the District Court and remanded the case to the District Court "for further proceedings", with instructions that the District Court reconsider the lump sum award and omit inclusion of the value of defendant's real estate,

> "unless there is some competent evidence introduced to enable the court to find the value of that real estate."

Seeking to forestall these "further proceedings", defendant has appealed to this Court from the judgment entered in the Superior Court. The sole point of appeal is defendant's contention that the Superior Court was guilty of an abuse of discretion in affording plaintiff "a second opportunity" to make a proper presentation of her case.

We must dismiss the appeal because it is taken from an interlocutory, rather than a final, judgment in circumstances where such an interlocutory appeal is not permissible.

Effective November 15, 1976, District Court Civil Rule 73(c) was abrogated. From that date an amended version of District Court Civil Rule 73(a) has governed appeals in domestic relations cases. In the course of its discussion concerning the effect of the 1976 amendments the Advisory

Committee's Note (November 15, 1976) observes:

> "*If the Superior Court judgment requires further proceedings in the District Court,* the action is remanded for those proceedings, subject only to a possible right to appeal from the Superior Court to the Law Court in circumstances appropriate for an appeal from an interlocutory order in any action. See 2 Field, McKusick, and Wroth, Maine Civil Practice §§ 73.2–73.5 (2d ed. 1970)." (emphasis added)

The Commentary to District Court Civil Rule 73 repeats the identical admonition:

> "If . . . [the District Court judgment is not simply affirmed or reversed, so that] the Superior Court orders the action remanded to the District Court *for further proceedings*, an appeal will lie from the Superior Court to the Law Court only when interlocutory appeals are permissible. See Sections 73.2–73.5 of the Text. Further proceedings will ordinarily be required in the District Court before the case is ripe for appellate review." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.2, at 173 (emphasis added).

At oral argument appellant was unable to give us a reason why this case might require treatment other than that "ordinarily" accorded orders of a similarly interlocutory nature, *cf. Bernat v. Handy Boat Service, Inc.,* Me., 239 A.2d 651 (1968) (order granting new trial not appealable). Our own reading of the record of this case, as well as our study of the sources cited by the above-quoted commentary, suggest no reason, here, to find interlocutory "appealability." See *Allen v. Cole Realty, Inc.,* Me., 325 A.2d 19, 21 (1974). Since the District Court ultimately may decide not to reinstate the lump sum award which the Superior Court has vacated, a decision by us at this juncture in plaintiff's favor could be rendered immaterial.[1] Moreover, should the cause be decided adversely to defendant in the proceedings which have been ordered, the error now claimed will be reviewable when those "further proceedings" generate a "final" judgment suitable for appeal. See *Boyle v. Share,* Me., 377 A.2d 458, 461–62 (1977). "An appeal from a judgment, whenever taken, preserves for review any claim of error in the record . . . ." Rule 73(a) M.R.Civ.P. These considerations dictate that we dismiss the instant appeal within the general rule that

> "[o]rdinarily, no appeal will lie to this court unless the appeal is from a final judgment." *Boyle v. Share, supra,* at 460;

*Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 848 (1976) and cases cited therein.

The entry is:

Appeal dismissed.

McKUSICK, C. J., and POMEROY and DELAHANTY, JJ., did not sit.

---

1. In this regard *Zillert v. Zillert,* Me., 395 A.2d 1152 (1978) is distinguishable. In *Zillert* the remand to the District Court left that court with no further adjudicatory function to perform. It had been directed to enter "a specific judgment" reflecting the final disposition of the case made by the Superior Court.