**Deborah HANLEY**

v.

**D. Douglas EVANS.**

Supreme Judicial Court of Maine.

Argued March 16, 1982.

Decided March 30, 1982.

David J. Corson (orally), Nixon & Corson, Yarmouth, Ravech, Aronson & Shuman, P.C., Ned C. Lofton, Boston, Mass., for plaintiff.

Bourque & Clegg, Ronald D. Bourque (orally), Sanford, for defendant.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

WATHEN, Justice.

In this paternity action, plaintiff Hanley appeals from a protective order prohibiting deposition of the defendant's wife. We dismiss the appeal as premature.

Plaintiff filed the action on April 7, 1981. Since that date there has been substantial discovery: interrogatories, requests for admissions, document discovery, and a lengthy deposition of the defendant. In the course of discovery plaintiff obtained extensive information on defendant's financial resources as well as significant admissions on the issue of paternity. Ostensibly for the purpose of obtaining additional information on defendant's financial condition and other matters, plaintiff sought a deposition of defendant's wife. The wife moved for a protective order prohibiting the plaintiff from deposing her; this order was granted, and the plaintiff brings this appeal.

■ Plaintiff should be aware that discovery orders are interlocutory and not appealable: the aggrieved party must seek relief in appeal from the final judgment. *See* Field, McKusick & Wroth, *Maine Civil Practice* § 26.18b (2d ed., Supp. 1981); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2006 (1970); 4 *Moore's Federal Practice* ¶ 26.83[3] (2d ed. 1981); *Developments in the Law—Discovery*, 74 Harv.L. Rev. 940, 992–93 (1961); *Grinnell Corp. v. Hackett*, 519 F.2d 595, 596 (1st Cir. 1975); *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1979). The fact that the plaintiff was seeking discovery against a non-party does not change this rule—at least where the request for discovery was denied, so that the aggrieved person is a party to the action and can seek relief in an appeal from the final judgment. Field, McKusick & Wroth, *supra*, at 212; C. Wright & A. Miller, *supra*, at 30.

Plaintiff seeks to characterize the Superior Court's protective order as a "collateral order" from which an interlocutory appeal is permitted—if the issue is to be saved, as held in *Boyle v. Share*, Me., 377 A.2d 458 (1977). However, *Boyle v. Share* has no applicability in this context; it dealt with attachment orders, which are an established category of collateral orders. *Northeast Investment Co. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845 (1976); *Foisy v. Bishop*, Me., 232 A.2d 797 (1967).

The appealability of this order must be evaluated by reference to the leading case on collateral orders, *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949). *Cohen* is interpreted as establishing a three-fold standard for determining whether an order is collateral and hence appealable: first, it must be a final determination of a claim separable from and collateral to the gravamen of the lawsuit; second, it must present a major and unsettled question of law, and third, the need for appellate review must be urgent, in the sense that the rights claimed will be irreparably lost if resolution of the issue is postponed until appeal from the final judgment. 9 *Moore's Federal Practice, supra*, ¶ 110.10; *Grinnell Corp. v. Hackett, supra*, at 596. In an exceptional case the urgency of the issue alone will justify interlocutory review. *See Moffett v. City of Portland*, Me., 400 A.2d 340 (1979).

■ It is patent that in this case *none* of the three prongs suggested by *Cohen* is present. This discovery order is inextricable from the merits of the case: plaintiff simply seeks to gather further evidence for her claims. The issues involved in this protective order are the same as are involved in any routine discovery order: the possibility of obtaining probative evidence must be weighed against waste of time, risk of harassment and the like. The matter presents no important issues on appeal. Nor is it urgent that the order be reviewed now rather than later; as with any routine discovery order, no rights will be lost if review of the order is postponed until ap-

peal from the final judgment. It may be difficult to demonstrate harmful error at that time. *See* Field, McKusick & Wroth, *supra,* at 212; *Developments in the Law— Discovery, supra,* at 993–4. But this problem applies to all discovery orders and is difficult to remedy without opening the floodgates of appellate review. As Judge Aldisert aptly remarked:

> Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters.

*Borden Co. v. Sylk, supra,* at 846.

In sum, from the appellate perspective this discovery order is indistinguishable from thousands of others processed every year by the Superior Court. If we were to accept the plaintiff's legal analysis, "collateral orders" could consume a significant portion of the resources of this Court. The Law Court should not serve as an additional device for the parties to employ in their pre-trial maneuvering. Counsel should be reminded that M.R.Civ.P. 76(f) provides sanctions for meritless appeals, and this Court will not hesitate to impose them.

In the rare and unusual case in which the propriety of a discovery order should be reviewed before the case proceeds, that determination should be made in the first instance by the trial judge, who is most familiar with the dynamics of the litigation. M.R.Civ.P. 72(c) permits him, on motion of the aggrieved party, to make that determination and to report the case to this Court. *See generally* Field, McKusick & Wroth, *Maine Civil Practice* § 72.6 (2d ed. 1970 and Supp. 1981). Otherwise this Court will not review interlocutory, non-collateral orders.

The entry is:

Appeal dismissed.

All concurring.