Carol J. LUCHETTI

v.

Edward D. LUCHETTI.

Supreme Judicial Court of Maine.

Argued March 12, 1982.

Decided May 24, 1982.

Carol Luchetti, pro se.

Conte, Growe, Lunn & McCue, Carl D. McCue (orally), William W. Conte, Bangor, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

On June 27, 1977, the District Court (Piscataquis) entered a divorce judgment dissolving the marriage of Edward and Carol Luchetti, and awarding Mrs. Luchetti custody of their three minor children. The divorce decree further provided that Mr. Luchetti was to pay his former wife $15.00 per week per child for the support of the children. In January 1981, the defendant, Mr. Luchetti, filed a motion in District Court to alter the divorce decree seeking custody of the three children and money for their support from his former wife. Mrs. Luchetti then filed a motion for arrearages. After a hearing in District Court, judgment was entered denying the motion for arrearages and granting the motion to alter the divorce decree. The judgment amended the divorce decree to reflect the award of custody of the three children to Mr. Luchetti, and Mrs. Luchetti's obligation of support in the amount of $5.00 per week per child. The defendant appealed the judgment, on the issue of the amount of support his former wife was obligated to pay, pursuant to D.C. Civ.R. 73(a) to the Superior Court, Piscataquis County. The plaintiff, Mrs. Luchetti cross-appealed the denial of her motion for arrearages. After a hearing, the Superior Court entered the following judgment:

The appeal by the defendant is hereby denied.

The cross-appeal by the plaintiff is hereby affirmed and the case is remanded to the District Court for further proceedings in accordance with this order.

The defendant is the only party who has appealed the judgment of the Superior Court. The defendant raises two claims of error on appeal (1) that the amount of support awarded in the District Court reflects an abuse of discretion by the presiding judge; and (2) that the Superior Court erred in sustaining plaintiff's appeal on arrearages and remanding that issue to the District Court for further proceedings.

We dismiss the appeal because it is taken from an interlocutory judgment, rather than a final judgment, in circumstances inappropriate for an interlocutory appeal.

Rule 73(a) of the District Court Civil Rules which became effective in 1976, governs appeals to the Superior Court in domestic relations cases. In a 1976 Advisory Committee note, the Committee stated:

> "*If the Superior Court judgment requires further proceedings in the District Court,* the action is remanded for those proceedings, subject only to a possible right to appeal from the Superior Court to the Law Court in circumstances appropriate for an appeal from an interlocutory order in any action. See 2 Field, McKusick, and Wroth, Maine Civil Practice §§ 73.2 —73.5 (2d ed. 1970)." (emphasis added)

The commentary to Rule 73 of the District Court Rules reiterates this principle. Both commentaries are cited with approval in *MacDougall v. MacDougall,* Me., 403 A.2d 783, 784 (1979).

With this precedent on the books, which conclusively holds that the defendant's appeal is from a judgment interlocutory in nature and not a final judgment, we turn to the question of whether this is one of those extraordinary cases in which the lack of a final judgment does not preclude us from deciding this appeal on the merits. Our examination of the record in this case has not produced any reason for us to conclude that circumstances exist which make this case ripe for our consideration. If on remand, the District Court were to grant the motion for arrearages, that decision as a final judgment would be reviewable. *See MacDougall v. MacDougall,* Me., 403 A.2d 783, 784 (1979).

Because of the well established rule that an appeal must be taken from a final judgment, except in extraordinary cases, we find it necessary to dismiss this appeal.

The entry is:

Appeal dismissed.

All concurring.