**John P. DUFFY**

v.

**Josephine B. DUFFY.**

Supreme Judicial Court of Maine.

Argued June 28, 1982.

Decided July 19, 1982.

---

Givertz & Lunt, Phyllis G. Givertz (orally), Portland, for plaintiff.

Herbert H. Bennett & Associates, P. A., Lawrence C. Winger (orally), Portland, for defendant.

Before GODFREY, ROBERTS, CARTER, VIOLETTE, and WATHEN, JJ.

ROBERTS, Justice.

Once again we must decline the invitation of the plaintiff-appellant to review the Superior Court interpretation of M.R.Civ.P. 41(a) in this case. Because we agree with defendant-appellee that the order of the Superior Court vacating plaintiff's notice of dismissal does not come within any exception to the final judgment rule, we dismiss the appeal.

This action for divorce was commenced by filing the complaint on December 17, 1979. Service on defendant was accomplished on January 17, 1980. A document entitled "Answer" was filed by defendant on April 3, 1981. After some discovery activity and trial settings of this case, plaintiff on November 5, 1981, filed a notice of dismissal without prejudice under M.R. Civ.P. 41(a)(1)(i). On November 19, 1981, defendant filed a motion to vacate dismissal. After hearing, the Superior Court granted defendant's motion on January 8, 1982. Notice of appeal to the Law Court was filed on January 21, 1982, by plaintiff. In addition, plaintiff filed a motion for report of interlocutory order pursuant to M.R. Civ.P. 72(c) on February 4, 1982, after defendant had moved this Court to dismiss the appeal for lack of final judgment. Because of the restrictions contained in M.R. Civ.P. 73(f), no action was taken by the Superior Court on the motion to report.

On March 26, 1982, we dismissed the first appeal because of the absence of any order granting affirmative relief. Upon remand, the Superior Court on April 20, 1982, entered the order originally sought on defendant's motion. Plaintiff withdrew the motion to report under Rule 72(c) and again appealed on May 13, 1982. Defendant again moved this court to dismiss the appeal for lack of a final judgment.

The plaintiff concedes that the order does not constitute a final judgment. He contends, however, that the order at issue is appealable under the collateral order exception to the final judgment rule. Recently, in *Hanley v. Evans*, Me., 443 A.2d 65 (1982), we set forth the generally accepted criteria by which the appealability of interlocutory orders are evaluated. This Court in *Hanley* stated:

[F]irst, it must be a final determination of a claim separable from and collateral to the gravamen of the lawsuit; second, it must present a major and unsettled question of law, and third, the need for appellate review must be urgent, in the sense that the rights claimed will be irreparably lost if resolution of the issue is postponed until appeal from the final judgment. 9 *Moore's Federal Practice, supra,* ¶ 110.10; *Grinnell Corp. v. Hackett* [519 F.2d 595] *supra,* at 596. In an exceptional case the urgency of the issue alone will justify interlocutory review. *See*

**812**

*Moffett v. City of Portland,* Me., 400 A.2d 340 (1979).

443 A.2d at 66 (*citing Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)); *see Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 849–51 (1976); *see generally* Field, McKusick & Wroth, *Maine Civil Practice* § 73.2.

At the core of the plaintiff's argument is the assertion that, without immediate review of the Superior Court's decision, he will be forced to suffer "the time, expense and trauma of a contested divorce proceeding." He further notes the inconvenience to him of going to trial in Maine because he now resides out-of-state. We find the argument unpersuasive. Every unsuccessful motion to dismiss as well as every order granting a new trial would support similar contentions. *See Bernat v. Handy Boat Service, Inc.,* Me., 239 A.2d 651 (1968); *cf. Luchetti v. Luchetti,* Me., 445 A.2d 675 (1982) (Superior Court remand to District Court is an interlocutory order and therefore not appealable); *Hanley v. Evans,* Me., 443 A.2d 65 (1982) (discovery order not within collateral order exception). *But see Thorp v. Scarne,* 599 F.2d 1169 (2d Cir. 1979).

Since we find this point dispositive of the issue on appeal, we need not address specifically the other factors noted in *Hanley.* By our decision, we hold only that absent a showing of urgent need for appellate review, the order at issue is not immediately appealable.

The entry is:

Appeal dismissed.

All concurring.