**HARRIS BAKING COMPANY**

v.

**MAINE EMPLOYMENT SECURITY COMMISSION.**

Supreme Judicial Court of Maine.

Argued March 7, 1983.

Decided March 21, 1983.

Robert W. Kline (orally), Herbert H. Bennett & Associates, P.A., Portland, for plaintiff.

Peter J. Brann (orally), Asst. Atty. Gen., Dept. of Employment Sec. Com'n, Augusta, for Employment Sec. Com'n.

Francis Jackson (orally), Jackson & Pallas, Westbrook, for Peter Stultz.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER and WATHEN, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

Harris Baking Company sought Superior Court review of a decision of the Maine Employment Security Commission awarding unemployment benefits to Harris's former employee, Peter E. Stultz. Harris did not list Stultz as a party in the caption to its petition for review, but did have him served and did pray that "this matter be

remanded to the Employment Security Commission with the direction that a rehearing at the [Commission's] Appeal Tribunal be held . . . ." Before the Superior Court, Harris and the Commission entered into a consent agreement providing that the Commission's decree would be "reversed and remanded" and that "[a]n administrative hearing shall be held on the issue of whether the employee, Peter E. Stultz, was discharged for misconduct connected with his work." The Superior Court entered judgment in accordance with the consent agreement.

Stultz, appearing in the Superior Court for the first time, then filed a post-judgment motion, pursuant to M.R.Civ.P. 60(b), claiming that the judgment should be vacated, on the ground that he had neither consented to it nor had a chance to oppose it. The Superior Court denied the motion and Stultz appeals to this court. We dismiss the appeal on the ground that the order Stultz wishes to challenge is not final and hence not appealable.

 The original consent judgment entered by the Superior Court, remanding the case to the administrative agency for further proceedings, was interlocutory and not appealable. *Cf. Luchetti v. Luchetti,* 445 A.2d 675 (Me.1982) (Superior Court order remanding case to District Court for further proceedings not appealable); *Bernat v. Handy Boat Service, Inc.,* 239 A.2d 651 (Me. 1968) (order granting new trial motion not appealable). The Superior Court's denial of Stultz's Rule 60(b) motion merely reaffirmed the original judgment. Although

the denial of a Rule 60(b) motion is appealable if the motion attacked a prior judgment that was itself final, a party may not bootstrap himself into the Law Court by moving for relief from an interlocutory judgment under Rule 60(b) and then appealing from the denial of that postjudgment motion. *See Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.,* 616 F.2d 833, 835–36 (5th Cir.1980); *Transportation-Communication Division v. St. Louis-San Francisco Railway Co.,* 419 F.2d 933, 934–35 (8th Cir. 1969), *cert. denied,* 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970). Nor does this appeal fall within the "collateral order" exception to the final judgment rule; the claim that the Superior Court's consent judgment was void remains open for Stultz to assert in any later appeal from a final judgment in this case. *Cf. MacDougall v. MacDougall,* 403 A.2d 783, 784 (Me.1979) (Superior Court's order remanding case to District Court for further proceedings "will be reviewable when those 'further proceedings' generate a 'final' judgment suitable for appeal").

The entry is:

Appeal dismissed.

All concurring.