John F. XAPHES

v.

David MOWRY, et al.*

Supreme Judicial Court of Maine.

Argued June 22, 1984.
Decided July 11, 1984.

---

* Also named as defendants in the complaint are Jory Berkwits, E. Richard Lewis, P. Jefferson Kimball and Ronald P. Stephens.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by John J. O'Leary, Jr. (orally), Jeffrey D. Curtis, Portland, for plaintiff.

Drummond, Woodsum, Plimpton & MacMahon, P.A. by Jay S. Blumenkopf (orally), Thomas H. Allen, Portland, for David Mowry, J. Berkwits, and Ronald P. Stephens.

Brown, Rudnick, Freed & Gesmer by James E. McGuire (orally), Boston, Mass., Verrill & Dana by Charles Kadish, Portland, for E. R. Lewis and P. J. Kimball.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

WATHEN, Justice.

Plaintiff John F. Xaphes appeals from two orders of the Superior Court (Cumberland County). He contends that the court erred in denying his motion for an attachment against the five named defendants, and in granting defendants' motion for a stay of the proceedings pending arbitration. We deny the appeal from the attachment order and dismiss the appeal from the order granting the stay on the basis of the final judgment rule.

■ Plaintiff commenced an action in the Superior Court against defendants claiming breach of contract, breach of fiduciary duties, fraud, and negligence in the management of his securities portfolio. The defendants are employees of two stock brokerage firms which plaintiff patronized between 1976 and 1980. Plaintiff claimed that his portfolio was valued at approximately $450,000 when he opened his account with the first of the two firms and that it was worth only $170,000 when he closed his account with the second firm. After filing his complaint, plaintiff filed a motion with supporting affidavits requesting attachment and trustee process on all defendants in the amount of $450,000 as security for a potential judgment for compensatory and punitive damages. The Superior Court denied plaintiff's request, finding no reasonable likelihood that plaintiff would recover any "specific amount of money in compensatory damages from the defendants or any of them." Further, the court rejected the theory of joint and several liability for the employees of two different brokerage houses handling plaintiff's account over a lengthy period of time. We find no error in the court's ruling.[1]

■ In seeking an attachment order plaintiff is required to demonstrate only "a mere probability of success or a favorable chance of success" in proving liability as well as damages. *Beesley v. Landmark Realty, Inc.,* 464 A.2d 936, 937 (Me.1983); *Ingalls v. Brown,* 460 A.2d 1379, 1381 (Me. 1983). See M.R.Civ.P. 4A(c). Such a showing, however, must be based on specific facts set forth in the supporting affidavits. M.R.Civ.P. 4A(h). He need not show that it is more likely than not that he will prevail, but he must at least appear to have a

---

1. An order denying pre-judgment attachment is immediately appealable under the collateral order exception to the final judgment rule. *The*

*Dartmouth Co. v. Day's, Inc.,* 419 A.2d 366, 367 (Me.1980).

reasonable possibility of recovery based on the facts presented. *Bowman v. Dussault*, 425 A.2d 1325, 1328 (Me.1981). Because it involves a factual question, the Superior Court's decision granting or denying an attachment will be upheld unless clearly erroneous. *Id.*

■ The plaintiff contends that his affidavit is sufficient in all respects to support an attachment order, but a close reading of the affidavit reveals that it does not satisfy the required standard. All plaintiff has shown by his affidavit is that his securities portfolio declined precipitously in value while under the management of these five defendants. His belief that the loss was due to their negligence, deceit and mismanagement is evident, but he has not presented any facts to indicate that he is likely to prevail on any theory of recovery.

■ Further, his assertion that his affidavit "sets forth a claim of a single, indivisible harm" and that the damages in this case are "not capable of being apportioned", does not permit him to avoid the necessity of showing some reasonable basis for computing the possible recovery against each defendant. It should have been possible in this instance to apportion the amount of plaintiff's financial loss attributable to the actions or inaction of at least the two groups of defendant-stockbrokers, if not to each individual. The decision of the Superior Court has not been shown to be clearly erroneous.

The remaining issue on appeal relates to the entry of the order staying all proceedings pending arbitration. Defendants moved for a stay of the proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14. The Superior Court granted defendants' motion on the grounds that plaintiff's claims were arbitrable and, alternatively, that plaintiff is collaterally estopped from relitigating the issue of arbitrability by a prior order of the federal court in companion litigation. It is unnecessary to set forth the contentions in detail because we conclude that the interlocutory order does not fall within any exception to the final judgment rule and is therefore not appealable.

■ Federal courts generally hold that a stay pending arbitration is not appealable unless the action being stayed is legal rather than equitable in nature. The theory behind this exception—referred to as the *"Enelow-Ettelson"* rule—is that a stay of proceedings involving an action at law is analogous to an injunction, and an injunction is appealable in the federal courts pursuant to 28 U.S.C. § 1292(a)(1). *See Hartford Financial Systems v. Florida Software Services*, 712 F.2d 724, 726–27 (1st Cir.1983) (dismissing appeal from stay order involving equitable claims). Nevertheless, the *Enelow-Ettelson* exception is considered somewhat anomalous, and in applying it the courts tend to resolve all doubts in favor of non-appealability. *See id.* at 727 and cases cited therein. Moreover, this Court is not compelled to apply a jurisdictional rule of the federal courts merely because the motion for a stay of proceedings in this instance was filed pursuant to the Federal Arbitration Act. Although the issue of arbitrability involves substantive federal law, *Southland Corp. v. Keating*, — U.S. ——, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), the question of appealability depends on this Court's interpretation of state procedural requirements. *Compare Connors v. International Harvester*, 437 A.2d 880 (Me.1981) (injunction appealable only if substantial rights would otherwise be irreparably lost).

■ The only exception to the final judgment rule advanced by plaintiff is the collateral order exception as defined in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Under that exception an order is considered collateral and hence appealable if: 1) it is a final determination

of a claim separable from and collateral to the gravamen of the lawsuit; 2) it presents a major and unsettled question of law; and 3) the need for appellate review is urgent because otherwise the rights claimed will be irreparably lost. *See Hanley v. Evans,* 443 A.2d 65, 66 (Me.1982). Clearly plaintiff's right to trial will not be irreparably lost if he ultimately prevails on his claim that there is no agreement to arbitrate. At most plaintiff will be inconvenienced by the necessity of submitting to arbitration. We conclude that the order is not appealable.

The entry shall be:

Order denying attachment and trustee process affirmed.

Appeal from order granting stay dismissed.

All concurring.