Francis J. AMATO, Jr.

v.

FRANK AMATO, INC., et al.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1985.

Decided Dec. 9, 1985.

Ralph A. Dyer (orally), Portland, for plaintiff.

Robert Checkoway (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, VIOL-ETTE, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Francis J. Amato, Jr. appeals from an order of the Superior Court (Cumberland County) denying his motion for approval of attachment. Defendants Frank Amato, Inc., Amato's Restaurant, Inc., Waneta Amato, Paul M. Amato, and J. Robert Amato, cross-appeal from the court's order compelling discovery of the individual defendants' personal tax returns. We deny plaintiff's appeal[1] and dismiss defendants' cross-appeal.

The lawsuit underlying these appeals involves two closely held corporations, defendant Frank Amato, Inc. (FAI) and defendant Amato's Restaurant, Inc. (ARI). FAI is a bakery that, since 1973, has been located on Route 302 in Windham. Plaintiff and the three individual defendants currently own all of FAI's stock. In 1977, the individual defendants proposed to start a restaurant business at the same location and incorporated ARI for that purpose. Prior to incorporation, the defendants invited plaintiff to join in the restaurant venture by contributing to the capitalization of the new corporation. He refused.

Plaintiff contends that since the creation of ARI, the individual defendants, utilizing their total ownership of ARI and their majority ownership of FAI, have operated the two businesses for the benefit of ARI and to the detriment of FAI. He cites the relocation of FAI away from the highway and the allocation of advertising and promotion solely for the benefit of ARI. In addition, plaintiff claims that the two businesses have been operated as a single enti-

---

1. An order denying pre-judgment attachment is appealable under the collateral order exception to the final judgment rule. *Xaphes v. Mowry,* 478 A.2d 299, 299 n. 1 (Me.1984).

ty in which he exercised a management role. He alleges that supplies, and payments therefor, were allocated between the businesses on an *ad hoc* basis; that his wages, as an employee of both businesses, depended on their profitability; and that he participated with the individual defendants in making management decisions regarding both businesses. Plaintiff's complaint seeks to establish his *de facto* ownership of a one-fourth interest in ARI. Premised on this asserted *de facto* stockholder status, plaintiff seeks, alternatively, dissolution of both corporations, the purchase at fair value of plaintiff's one-fourth interest in both corporations, or damages.

By preliminary motions, plaintiff sought an order approving attachment in the amount of $450,000 and an order compelling discovery of the individual defendants' personal income tax returns. On April 22, 1985, the Superior Court granted plaintiff's motion for discovery of the personal tax returns. The court, however, denied the request for attachment, ruling that the plaintiff had failed to establish a reasonable likelihood of demonstrating ownership of ARI. Plaintiff then moved for findings of fact and conclusions of law pursuant to M.R.Civ.P. 52(a). The court's supplemental order, entered April 29, 1985, stated that its conclusion against the likelihood of plaintiff establishing ownership of ARI rested primarily on a finding that plaintiff expressly rejected an offer to join in the ARI venture when that business was created.

■ A party seeking pre-judgment attachment must demonstrate a reasonable likelihood of success, M.R.Civ.P. 4A(c), based on specific facts set forth in supporting affidavits. M.R.Civ.P. 4A(h); *Xaphes v. Mowry*, 478 A.2d 299, 300 (Me.1984). The determination whether a party has demonstrated a reasonable likelihood of success falls within the range of sound judicial discretion. *Ingalls v. Brown*, 460 A.2d 1379, 1381 (Me.1983); *Bowman v. Dussault*, 425 A.2d 1325, 1328 (Me.1981). Accordingly, we review the Superior Court's denial of plaintiff's requested attachment only for abuse of discretion.

■ Plaintiff does not cite any authority in the decisions of this Court for the novel proposition that he should be accorded *de facto* corporate ownership of ARI. Instead, he relies on authority from other jurisdictions to support his claim that his participation in management decisions regarding ARI and the variation of his weekly wages in relation to the amount of profit made by ARI create an ownership interest in the corporation. *See Elsback v. Mulligan*, 58 Cal.App.2d 354, 136 P.2d 651 (1943); *Shaffer v. Eighty-One Hundred Jefferson Avenue East Corp.*, 267 Mich. 437, 255 N.W. 324 (1934). While these cases acknowledge the propriety of disregarding the corporate form in determining rights as between participants in an enterprise, both cases require that the parties have been joint venturers at the outset who used the corporation for convenience in carrying out the venture. *Elsback*, 58 Cal.App.2d at 368–70, 136 P.2d at 659–60; *Shaffer*, 267 Mich. at 445–47, 255 N.W. at 327. In the instant case, however, the Superior Court found, and plaintiff's affidavit admits, that plaintiff refused an invitation to join in the ARI venture. Thus, even if this Court were to adopt the theory advanced in the cases cited by plaintiff, a question upon which we express no opinion, on the facts of this case the Superior Court did not abuse its discretion in ruling that plaintiff had no reasonable likelihood of successfully establishing *de facto* ownership of ARI.

Plaintiff correctly points out, however, that the Superior Court failed to address the likelihood of his obtaining judgment based upon his undisputed ownership of stock in FAI. He urges that the case be remanded to allow the Superior Court to determine his entitlement to an attachment in light of his ownership interest in FAI.

Even if the Superior Court erred, it committed no reversible error because plaintiff's affidavit fails to set forth specific facts demonstrating the amount of any pos-

sible recovery based upon his ownership of FAI stock. The discussion of damages contained in plaintiff's affidavit addresses only his asserted entitlement as a part-owner of both FAI and ARI. Nowhere does plaintiff relate facts showing his damages arising solely from his ownership of FAI stock.

■ In *Xaphes v. Mowry*, 478 A.2d 299, 301 (Me.1984), we found an affidavit insufficient to support an attachment against various defendants because it failed to specify the damages attributable to each defendant. Likewise in this case, plaintiff's affidavit cannot support an attachment based solely upon his ownership interest in FAI without specifying his damages arising out of that ownership.[2] Because the plaintiff's affidavit cannot support an attachment based on his FAI interest, we need not require the Superior Court to address this claim. The order denying plaintiff's request for attachment is affirmed.

By their cross-appeal, defendants seek review of a discovery order compelling disclosure of personal tax returns. This Court has held that discovery orders are not immediately appealable; an aggrieved party must seek relief in an appeal from the final judgment. *Hanley v. Evans*, 443 A.2d 65, 66 (Me.1982). Defendants contend that this case is not governed by *Hanley* because two of the defendants' tax returns are joint returns containing income information about their wives who are not parties to the underlying lawsuit.

In *Hanley* we said:

The fact that the plaintiff was seeking discovery against a non-party does not change [the nonappealability of discovery orders]—at least where the request for discovery was denied, so that the ag-

grieved person is a party to the action and can seek relief in an appeal from the final judgment.

*Id.* Thus, defendants are correct that *Hanley* did not address the appealability of orders granting discovery against non-parties.

■ We note that, although the decisions go both ways, the great weight of federal authority holds that discovery orders against non-parties are not immediately appealable, stating that review must await a refusal to disclose and an appeal from the resulting contempt order. *United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Alexander v. United States*, 201 U.S. 117, 121–22, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906); *DeMasi v. Weiss*, 669 F.2d 114, 122 (3d Cir.1982); *Kaufman v. Edelstein*, 539 F.2d 811, 814 (2d Cir.1976); *Gialde v. Time, Inc.*, 480 F.2d 1295, 1301 (8th Cir. 1973); *United States v. Anderson*, 464 F.2d 1390, 1392 (D.C.Cir.1972); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2006 (1970); 9 *Moore's Federal Practice* ¶ 110.13[2] (2d ed. 1985). *But see contra Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 622 (5th Cir.1973); *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 996 (10th Cir.1965). We need not decide in this case, however, whether non-parties may immediately appeal from an order compelling discovery against them. The non-party wives have not appealed, and thus, are not before the court to assert their rights on either the appealability issue or on the merits of the discovery order. Only the party defendants are before the court, and only their rights may be asserted on this appeal. As to them, the case is controlled by our holding in *Hanley* that discovery

---

**2.** Plaintiff asserts that a financial statement appended to his affidavit that reflects both the book value of FAI and the extent of his ownership constituted evidence upon which the Superior Court could have computed his damages. Plaintiff's affidavit does not incorporate this document nor does it claim that the information contained therein is either his personal knowledge or that he believes the information to be true. In fact, plaintiff's affidavit describes the

statement as representing the defendants' financial analysis. The financial statement was not evidence before the Superior Court on plaintiff's request for attachment. M.R.Civ.P. 4A(h). *See Boyle v. Share*, 377 A.2d 458, 462 (Me.1977) (affidavit insufficient for failure to state that information therein is affiant's personal knowledge or that affiant believes the information to be true).

orders are not immediately appealable. Defendants' cross-appeal is dismissed.

The entry is:

Order denying attachment affirmed.

Appeal from order compelling discovery dismissed.

All concurring.