Harry D. TISDALE, Jr.

v.

Joyce A. PEASLEE.

Supreme Judicial Court of Maine.

Submitted on Briefs March 2, 1993.

Decided April 6, 1993.

Dennis Jones, Gardiner, for plaintiff.

John D. Pelletier, Goodspeed & O'Donnell, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Joyce A. Peaslee appeals from an order of the Superior Court (Kennebec County, *Alexander, J.*) approving an attachment in favor of Harry D. Tisdale, Jr., on his contract action against her. Because we conclude that Tisdale's affidavit does not comply with the requirement of M.R.Civ.P. 4A, we vacate the order.

Tisdale's complaint alleges that Peaslee, his former wife, agreed to pay one half of all taxes owing for tax years prior to December 1981. He further alleges that he has *paid* more than $127,000 to the Internal Revenue Service and more than $12,000 to the State of Maine for taxes prior to December 1981.

Tisdale's affidavit, however, states that these respective amounts are what is *owed* to the Internal Revenue Service and the State of Maine for back taxes for the years 1977–1981. Tisdale fails to state who has made the determination of the amount owed and against whom the taxes have been assessed. An assessment against the parties jointly would not entitle Tisdale to recover from Peaslee unless and until he paid the taxes. Such a conclusory affidavit is insufficient to support a finding by the trial court that Tisdale is more likely than not to recover a judgment against Peaslee as required by M.R.Civ.P. 4A(c). *See Emerson v. County Concrete & Constr. Co., Inc.,* 614 A.2d 549 (Me.1992); *cf. James v. Hood,* 606 A.2d 195 (Me.1992); *Amato v. Frank Amato, Inc.,* 501 A.2d 1296 (Me. 1985) (applying the more liberal "reasonable likelihood" standard of former Rule 4A).

The entry is:

Order approving attachment vacated.

Remanded to the Superior Court for entry of an order denying the attachment.

All concurring.