WILLIAM B. BRADFORD & al. *versus* GEORGE W. MCLELLAN.

By our process of attachment the officer serving a writ, when so ordered in writing, is bound to attach sufficient to secure the payment of what may finally be recovered, provided property belonging to the debtor can be found to such an amount; but he is not bound to attach any, but such as does belong to him.

Personal property found in the possession of the debtor, may be presumed to be his, if nothing appears to the contrary; and the burthen of proof is on the officer, if he omits to attach it, to show that in fact it was not the property of the debtor.

If there be external *indicia* of ownership in the debtor, the officer cannot be excused from making an attachment, when necessary to the security of the creditor, by any thing but eventual proof that the property did not belong to the debtor; or in case of reasonable grounds of suspicion, by a refusal of the debtor to furnish security for an indemnity.

CASE against the defendant, as late sheriff of the County of Washington, for neglecting to attach sufficient personal property to respond the judgment on a writ in favor of the plaintiffs against L. C. White. The writ was placed in the hands of the defendant for service with written directions thereon, " to attach sufficient personal property." On Dec. 22, 1838, the defendant returned an attachment of a share in one corporation; on Jan. 19, 1839, three shares in another corporation; and on Feb. 8, 1839, one share in another corporation. Judgment was rendered in favor of the plaintiffs at the July Term of the S. J. Court, 1840, for $594,13, and $44,58, costs, and an execution duly issued thereon, on which the whole of the property attached was taken and sold, according to law, for the sum of $100,75. A further sum had been

indorsed by the plaintiffs, received on a note left as collateral security, leaving a balance still due.  There was testimony introduced by the plaintiffs tending to show, that the defendant in that suit was the owner of a large quantity of goods subject to attachment, and which, with ordinary diligence, could easily have been found and attached ; and also evidence on the part of the defendant that it was not commonly known that White was the owner of the goods, and that the goods were in fact under the incumbrance of a mortgage.  The plaintiffs introduced evidence for the purpose of showing that the mortgage on the property was fraudulent and void as to creditors.  It did not appear that the mortgage was known to the officer or to the creditors at the time of the attachment.

The counsel for the plaintiffs requested the Judge to instruct the jury, that the defendant was bound to make diligent search and inquiry for property, and to attach any property, in White's possession and apparently his; that if he had any doubts whether he might do so safely it was his duty to notify the plaintiffs of his doubts and call on them to show him property, or give him a bond of indemnity ; that if he did not give such notice, or call for such indemnity, he was bound to attach the stock in White's store, and cannot now excuse himself for neglecting to do so, by proving that it was then under a mortgage, unless he shows that he then knew that fact, and gave the plaintiffs notice thereof; nor can he excuse himself, under such circumstances, if it now appears that such mortgage was a fraud upon White's creditors.

TENNEY J. then presiding, did not give these instructions, but did instruct the jury, that the defendant was not bound to exercise any extra diligence, but only common diligence, such as men of common prudence ordinarily would exercise ; that it was his duty to attach any property in White's possession, unless he had good reason to believe that some other person had a claim upon it, and that if it turned out that there was a mortgage thereon, the jury might suppose that he was notified of it; that it was not the defendant's duty to give notice, such as was contended for by the plaintiffs' counsel ; and that he

was bound to look for property wherever he had reason to believe it was to be found, but was not required to search places not in the possession of the debtor, unless there were reasons to induce him to look elsewhere. The verdict was for the defendant, and the plaintiffs filed exceptions.

*D. T. Granger* argued for the plaintiffs, contending that the presiding Judge erred in refusing to give the instructions requested ; and that those given were in themselves wrong, and injurious to the plaintiffs. He cited 7 Mass. R. 123, and 6 Shepl. 79.

*Hayden,* in his argument for the defendant, endeavored to show, that the instructions requested were erroneous, and therefore were rightly withheld ; and that the law was correctly stated to the jury by the presiding Judge. He cited Story on Bailm. 390, and 1 Mason, 96.

The opinion of the Court was drawn up by

WHITMAN C. J. — This case comes before us upon exceptions taken to the instructions given to the jury at the trial. Attachments upon mesne process are unknown to the common law ; and depend upon statutory provision. Hence we cannot look abroad for precedents to guide us in ascertaining what may be the duties of officers in such cases. By our process of attachment the officer serving a writ, when so ordered, is bound to attach sufficient to secure the payment of what may finally be recovered ; provided, property belonging to the debtor can be found to such an amount. He is clearly bound to attach none but such as does belong to him. But personal property, found in the possession of the debtor, may be presumed to be his, if nothing appears to the contrary. If an officer omits to attach property so situated, when necessary for the creditor's security, he will be responsible to him for the injury sustained from such an omission ; unless he can prove, that, notwithstanding such appearances, the property was not in fact that of the debtor ; and the burthen of proof will be upon the officer to establish such fact. And, if he clearly shows such to have been the fact, he will have done right in

not having attached it, as in attaching it he would have been guilty of a trespass.

To ascertain who is the actual owner of personal property, notwithstanding what may be the indication arising from acts of ownership, is often attended with difficulty. Officers ought not to be holden to proceed to make attachments, where there is imminent peril in so doing, without an indemnity. If there be the external *indicia* of ownership the officer cannot be excused from making an attachment, when necessary to the security of the creditor, by any thing but eventual proof that the property did not belong to the debtor; or in case of reasonable grounds of suspicion, by a refusal of the debtor to furnish security for an indemnity. In the present case the property of the debtor was, so far as it could have appeared to the defendant, the property of the debtor. The defendant, if he would be excused for not attaching it, should prove either, that the property was not in fact in the debtor, or that, upon exhibition to the creditor of well grounded suspicions of danger, to be apprehended from making the attachment, he refused an indemnity. The instructions to the jury not having been substantially to this effect, the exceptions are sustained, and a new trial granted.