**Robert M. ENGLEBRECHT d/b/a Robert Martin Englebrecht and Associates**

**v.**

**The DEVELOPMENT CORPORATION FOR EVERGREEN VALLEY et al.**

Supreme Judicial Court of Maine.

Aug. 2, 1976.

Beliveau & Beliveau, P. A. by Severin M. Beliveau, Rumford, for plaintiff.

Bernstein, Shur, Sawyer & Nelson by Gregory A. Tselikis, Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE,* WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

The plaintiff Englebrecht by complaint dated January 29, 1974 sued to recover

---

* WEATHERBEE, J., sat at argument and participated in consultation, but died prior to the preparation of opinion.

moneys allegedly owned him for architectural services rendered the defendants.[1] Aggrieved by the Court's order authorizing a prejudgment real estate attachment in the amount of thirty-five thousand ($35,000.00) dollars, the four affected defendants, pursuant to Rule 72(c), M.R.C. P., caused the Superior Court Justice to report his interlocutory ruling to the Law Court to test its propriety. We hold that the prejudgment real estate attachment was erroneously approved.

The Court's decision was made, as stated by the Justice below, upon affidavit of plaintiff's counsel, certified copies of the annual reports for defendants, American Evergreen Resorts, Inc. and Exeter North Corporation and oral arguments. The reference affidavit reads as follows:

> "State of Maine
> Oxford SS
>
> [Plaintiff's counsel], being first duly sworn, deposes and says:
>
> 1. That he is an attorney at law duly admitted to practice in all Courts of this State and resides in the County and State aforesaid;
>
> 2. That he is the attorney for Robert M. Englebrecht, Plaintiff;
>
> 3. That to the best of his knowledge, information and belief, on or about January 2, 1973 [the defendants] refinanced the 'Evergreen Valley' project and only paid a particular class of creditors: those creditors who had a real estate attachment.
>
> 4. That to the best of his knowledge, information and belief the Defendants will be, in the near future, finalizing their mortgage with the Defendant, Maine Guarantee Authority.
>
> 5. *That in order to protect the rights and interest of his client, a real estate attachment is imperative.*
>
> 6. That to the best of his knowledge, information and belief, there is no liability insurance available to satisfy a judgment in this case.
>
> > Respectfully submitted,
> > [Plaintiff's counsel]
>
> State of Maine
> Oxford SS
>
> Subscribed and sworn to before me this 29th day of January, 1974.
>
> > [Signature of Justice of the Peace]
> > Justice of the Peace "
> > (Emphasis added)

———◆———

The defendants, in their motion for report of the Court's interlocutory ruling, based their right to relief on the ground, among others, that the plaintiff's affidavit in support of the order approving the prejudgment attachment was legally insufficient as a matter of law. We agree with the defendants' contention.

---

1. The parties defendant are The Development Corporation For Evergreen Valley, Evergreen Valley, Inc., American Evergreen Resorts, Inc., Exeter North Corporation, Maine Guarantee Authority, Norway National Bank and Franklin National Bank. Only the first four defendants against whom the Court below granted a prejudgment real estate attachment are parties to this interlocutory appeal.

By virtue of 14 M.R.S.A., §§ 4451–4457, 4501–4506, 4551–4554, 4601–4613 rights and interests in real estate are made subject to attachment on mesne process to be held for the satisfaction of judgments recovered by plaintiffs, the time periods during which such attachments endure are defined, and several methods by which such attachments may be dissolved or vacated are provided.

Rule 4A, M.R.C.P. implements the statutory provisions and in pertinent part provides as follows:

"(a) Availability of Attachment. In any action under these rules, real estate, goods and chattels and other property may, in the manner and to the extent provided by law, *but subject to the requirements of this rule,* be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover." (Emphasis supplied)

"(c) . . .

No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (f) of this rule [ex parte attachments not involved here], the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

An action in which attachment of property is sought may be commenced only by filing the complaint with the court, together with a motion for approval of the attachment. *The motion shall be supported by affidavit or affidavits meeting the requirements set forth in subdivision (h) of this rule. . . ."* (Emphasis ours)

"(h) Requirements for Affidavits. *Affidavits required by this rule shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that he believes this information to be true."* (Emphasis provided)

In *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 1976, Me., 351 A.2d 845, at 851, we stated the purpose of Rule 4A to be to fit

"into a State policy of long standing due process safeguards of notice and hearing as an accommodation between the State interest in affording security to creditors and minimal protection to debtors against invalid claims and/or the abuse of excessive attachments. The 'likelihood of success' standard [we said] will keep the process more in syntony with previous State policy . . . ."

In *Northeast Investment, Co., Inc.,* we viewed, as expressly provided by Rule 4A, that the reasonable likelihood of success in the main action was a necessary prerequisite to support approval of a prejudgment real estate attachment and that it was the *burden of the plaintiff creditor to* establish the probable validity of the underlying claim against the alleged debtor before such debtor's use of his real property can be restricted by attachment.

■ Attachments upon mesne process are unknown to the common law and depend upon statutory provisions. *Bradford v. McLellan,* 1843, 23 Me. 302.

■ Since the attachment procedure is in derogation of the common law and may work a hardship upon debtors, the rule of strict construction of statutes under which the attachment is sued out applies and the attaching plaintiff must bring himself

within the strict provisions of the statute-implemental rules. See *M. W. Kellogg Co. v. Concrete Accessories Corp.,* 1974, W. Va., 204 S.E.2d 61 at 65.

Rule 4A(h) requires: 1) the affidavit supporting the intended prejudgment attachment shall set forth *specific facts* sufficient to warrant the required findings, i. e. a reasonable likelihood of recovery of judgment by the plaintiff within the limits provided in subsection (c) of the rule; 2) the affidavit shall be upon the affiant's own knowledge, information or belief; and 3) so far as upon information and belief, the affidavit shall state that the affiant believes the information to be true.

 The plaintiff's affidavit is fatally deficient when measured against the requirements of the rule. The affidavit does not purport to be made on the affiant's *own* knowledge, information or belief, but rather proceeds to assert facts *to the best* of the affiant's knowledge, information and belief. Furthermore, it fails to meet the requirement that, so far as such facts are upon information and belief, the affiant believes the information to be true. *Northeast Investment Co., Inc.,* supra, at page 854.

Moreover, assuming that the affiant's sworn statement had complied with the above stated procedural requirements, we note that it sought to establish a factual basis of the *need* to resort to the mesne process attachment remedy as a means of securing to the plaintiff satisfaction of his claim when reduced to judgment. Rule 4A does not impose such a re-striction upon the use of the prejudgment process. It does, however, require that the plaintiff's supporting affidavit establish specific facts sufficient to warrant a finding by the court *that there is a reasonable likelihood that the plaintiff will recover judgment,* including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. The instant affidavit missed the mark completely.[2]

The entry will be:

Prejudgment attachment approval set aside. Remanded to Superior Court for further proceedings.

All Justices concurring.

POMEROY, J., did not sit.

---

2. The certified copies of the annual reports of defendants, American Evergreen Resorts, Inc. and Exeter North Corporation, received by the Court without objection, had no relevancy to the issue of reasonable likelihood of plaintiff's success in the main action and thus were immaterial. We intimate no opinion, however, respecting the scope of the hearing pursuant to Rule 4A to support the prejudgment attachment process.

Oral arguments of counsel made at the hearing (they were not reproduced of record) cannot substitute for sworn statements of specific facts in support of a prejudgment attachment approval as required by Rule 4A. Such arguments of counsel do not rise to the status of trial evidence or testimonial proof in affidavit form. See *Wilkey v. State,* 1939, 238 Ala. 595, 192 So. 588, 129 A.L.R. 549; *Hutchinson v. Plant,* 1914, 218 Mass. 148, 105 N.E. 1017, 1021.