**Robert D. SPICKLER**

v.

**Robert M. YORK.**

Supreme Judicial Court of Maine.

Argued Jan. 10, 1986.

Decided Feb. 20, 1986.

Robert D. Spickler, pro se, (orally).

Preti, Flaherty & Beliveau, Evan M. Hansen, (orally), Jonathan S. Piper, Keith A. Powers, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS and SCOLNIK, JJ.

PER CURIAM.

The plaintiff, Robert Spickler, appeals from a judgment of the Superior Court, Cumberland County, granting the defendant, Robert York's, motion for summary judgment pursuant to Rule 56 of the Maine Rules of Civil Procedure. Spickler contends that York, acting as his attorney in a substantial land transaction between Spick-

ler and one Roger Dube,[1] negligently failed to reduce to writing certain terms of the real estate agreement. The Superior Court found that Spickler was collaterally estopped from litigating the issue of the proximate cause of his damages because of the jury's determination in the original action between Spickler and Dube that Spickler himself had breached the contract, thereby causing the damages he allegedly sustained. Because we conclude that Spickler was not so estopped and that his claim raises a genuine issue of material fact, we vacate the judgment.

As a preliminary matter, we find that the affirmative defense of collateral estoppel was not waived by York's failure to plead it pursuant to Rule 8(c) of the Maine Rules of Civil Procedure when the prior judgment was not entered until after the pleadings in the subsequent suit were filed. *See Overseas Motors, Inc. v. Import Motors, Inc.*, 375 F.Supp. 499 (E.D.Mich. 1974); 1B J. Moore, et al., *Moore's Federal Practice*, ¶ 0.408[1], at 288–89 (1984); *cf. Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917); *Conary v. Perkins*, 464 A.2d 972, 976 (Me.1983).

The doctrine of collateral estoppel provides that the determination of an essential fact or issue actually litigated on the merits and resolved by a valid final judgment in a prior action is conclusive on that fact or issue in subsequent litigation between the parties or their privies. *S.H. Nevers Corp. v. Huskey Hydraulics*, 408 A.2d 676, 679 (Me.1979); *Hossler v. Barry*, 403 A.2d 762, 767 (Me.1979); *Cianchette v. Verrier*, 155 Me. 74, 151 A.2d 502 (1959). We rejected the mutuality of estoppel element of the doctrine in *Hossler v. Barry*, 403 A.2d at 769.

Here, Spickler contends that York negligently failed to reduce to writing certain oral agreements with respect to Dube's obligation to obtain clear title to the Parker's Neck property. The presiding justice concluded that this issue had been fully litigated in the prior case when the jury determined that Spickler had breached the contract by defaulting on the mortgage payment.

We find that the issue whether any oral agreements existed between Dube and Spickler that York failed to memorialize was never specifically submitted to that jury. Because a finding that no such oral agreements existed cannot be inferred from the jury's determination that Spickler and not Dube breached the agreement, we hold that a negligence claim against York is not precluded as an issue in this subsequent action. Our conclusion draws further support from York's admission that such oral agreements did in fact exist between Dube and Spickler.

Before concluding that the court below erred in granting summary judgment in favor of York, we must determine whether any genuine issues of material fact exist.

York contends that even assuming negligence and an attorney-client relationship, Spickler could not prove that his attorney's breach of duty was the proximate cause of the damages Spickler allegedly sustained. We disagree. It is clear that legal malpractice may consist of a negligent failure to act. *Sohn v. Bernstein*, 279 A.2d 529, 532 (Me.1971). However, to establish legal malpractice, the plaintiff must also prove that he could have been successful in the initial suit absent his attorney's negligent omission. *Schneider v. Richardson*, 411 A.2d 656, 658 (Me. 1979). We conclude that whether a jury could rationally find that absent York's

---

1. Spickler's corporation, R.D. Realty Corp., was the developer and Roger Dube the seller/mortgagee of a large tract of land known as "Parker's Neck" located in Phippsburg. Spickler, through R.D. Realty Corp., commenced suit against Dube in 1976, alleging *inter alia,* fraudulent or negligent misrepresentation, breach of warranty of title and defense thereof, and breach of agreement to render title marketable. Dube countered the complaint by seeking a declaratory judgment that the mortgage notes he held, secured by the Parker's Neck property, were in default. *See Spickler v. Dube,* 463 A.2d 739 (Me.1983).

malpractice, Spickler could have been successful against Dube, is a genuine issue of material fact. We accordingly hold that the court below erred in granting summary judgment in York's favor.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.