**Robert D. SPICKLER, Plaintiff,**

v.

**Roger P. DUBE, Alan J. Levenson, and Mayo S. Levenson,[1] Defendants.**

**Civ. No. 84–0059 P.**

United States District Court,
D. Maine.

May 19, 1986.

---

1. Plaintiff has filed a Suggestion of Death of Mayo S. Levenson and a Motion for Substitution of Alan J. Levenson as Executor of the Estate of Mayo S. Levenson. The time period for a response to Plaintiff's motion has not yet expired and the Court has not received Defendant's response or ruled upon the motion.

Robert D. Spickler, pro se.

Nicholas Bull, Portland, Me., for Dube.

John W. Chapman, Portland, Me., for Levensons.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTACHMENT AND TRUSTEE PROCESS

GENE CARTER, District Judge.

Plaintiff Robert D. Spickler seeks to institute trustee process against, and to attach the property of, Defendant Roger P. Dube. The circumstances under which this Court may grant an attachment are governed by the law of the state in which the district court sits. Fed.R.Civ.P. 64. *Diane Holly Corporation v. Bruno & Stillman Yacht Co., Inc.,* 559 F.Supp. 559, 560 (D.N. H.1983). Under Maine law, a party seeking a prejudgment attachment must demonstrate a reasonable likelihood of recovery based on the facts presented. M.R.Civ.P. 4A(c). *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 851 (Me.1976), *overruled on other grounds, Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me.1981). Plaintiff is required to demonstrate only "a mere probability of success or a favorable chance of success" in proving liability as well as dam-

ages. *Xaphes v. Mowry,* 478 A.2d 299, 300–301 (Me.1984), *quoting Beesley v. Landmark Realty, Inc.,* 464 A.2d 936, 937 (Me.1983). Such a showing must be based on specific facts set forth in supporting affidavits. M.R.Civ.P. 4A(h). The same standard is required for an order granting trustee process. M.R.Civ.P. 4B(c). *See also* Rules of the United States District Court for the District of Maine, 14.

I. *Evidence Submitted by Plaintiff in Support of the Motion to Attach*

Plaintiff initiated this lawsuit to recover damages resulting from alleged perjury by the Defendant Roger Dube. The testimony was given in a Maine Superior Court proceeding in which Plaintiff brought an action against the Defendant for breach of contract concerning the conveyance from Dube to the Plaintiff of property known as "Parker's Neck." Defendant Dube counterclaimed for default, alleging that Spickler had not made any payments on the property. Plaintiff contended that he was not in default because of an agreement between the parties that no principal or interest would be due to the Defendant in payment for the Parker's neck property until the Defendant took certain actions to clear title to the property. This condition, however, was not included in a written agreement. At the trial, Defendant testified that the Plaintiff was in default and introduced a demand letter, dated September 2, 1982, from Dube to the Plaintiff, which makes no mention of such a condition and which the Plaintiff asserts was fabricated. The jury found that Spickler was in default as of September 2, 1982.

In support of his contention that perjury was committed and that it caused Plaintiff's injury, Plaintiff submits the following, *inter alia:*

1. A copy of an affidavit of John G. Marshall, dated February 12, 1982, and apparently intended for submission to the Maine Superior Court in Civil Action No. CA 76–301. The affidavit states that Mr. Marshall represented Mr. Dube in connection with the conveyance of the Parker's Neck

property to the Plaintiff and Charles W. Pettengill.[2] It further states that the transfer was made on the condition that no payments of principal would accrue until title to the property was cleared and the title was certified.

2. A copy of an affidavit of Charles W. Pettengill, dated March 12, 1982, also apparently submitted to the Maine Superior Court in case No. 76–301, stating that he and the Plaintiff entered into the conveyance agreement on the basis that "[N]o payment of principal would be due, nor would interest begin to accrue" until Dube pursued a quiet title action and defended a claim against title.

3. A copy of the affidavit of Freeman C. Linscott, dated February 16, 1982, also apparently submitted to the Maine Superior Court in case No. 76–301. Mr. Linscott purchased a portion of the property from R.D. Realty for cash and the assumption of four notes and mortgages. The affidavit states that Mr. Dube agreed to defer payments on the notes until title to the property was cleared. Attached to the affidavit is a copy of a letter from Mr. Dube to Mr. Linscott, dated September 30, 1974, stating, "This will confirm my agreement with you to defer payment on the notes that you gave me and which I hold until the matter relating to the entrance at the Parker Head Development in Phippsburg has been judicially or otherwise resolved."

4. A copy of an affidavit of Freeman C. Linscott, dated March 21, 1986, averring that Mr. Dube had stated to Mr. Linscott that there was no need to include R.D. Realty in any extension given to Linscott since R.D. Realty already had the understanding that no payments or interest accrual would begin until Dube had provided good and marketable title to all of the land he sold them on November 6, 1973. Mr. Linscott further stated his understanding that "the same deal" that applied to him applied to R.D. Realty.

5. The decision of the Maine Law Court in *Spickler v. York*, 505 A.2d 87 (Me. 1986), in which the Court noted that Spickler's attorney at the conveyancing admitted the existence of oral agreements between Spickler and Dube regarding Dube's obligation to obtain clear title to the Parker's Neck property. *Spickler v. York*, 505 A.2d at 88.

6. A copy of an affidavit of Plaintiff Robert Spickler, dated February 16, 1982, apparently submitted to the Superior Court in case No. 76–301, asserting that the Plaintiff purchased the stock of R.D. Realty on the condition that interest would not accrue on the promissory note and no principal payments would be required until Dube cleared title to the property, excepting certain lots, and eliminated any adverse claim on the road frontage portion of the property.

7. A copy of an affidavit of Plaintiff Robert Spickler, dated March 19, 1986, stating that an oral agreement existed and was acknowledged by Defendant Dube, that Dube indicated to Plaintiff that Dube "needed money" and that Dube later indicated that the verbal agreements between the parties did not apply.

8. A document styled "Verified Bill of Damages to Date" which lists the source and amount of the damages Plaintiff asserts he has suffered as a result of Defendants' actions.

9. A memorandum setting forth other evidence tending to support Plaintiff's position that the Defendants' testimony of default was fabricated.

---

**2.** The property was the only asset of R.D. Realty Corporation. The conveyance was completed by Dube transferring the stock in R.D. Realty to Mr. Spickler and Mr. Pettengill. Mr. Pettengill later sold his interest to Mr. Spickler.

Plaintiff's Memorandum, submitted *pro se*, is signed by the Plaintiff and contains the following jurat: "Before me appeared the above named Robert D. Spickler and made oath that the statements made herein are truthful to the best of his knowledge and belief." The March 19, 1986 affidavit of the Plaintiff contains the same oath, as well as the statement "[Plaintiff] make[s] all of the statements herein on my personal knowledge." The Bill of Damages contains a jurat similar to that of the Memorandum.

## II. *Argument of the Defendant in Opposition to Plaintiff's Motion*

In response, the Defendant asserts that a writ of attachment cannot issue because the Plaintiff is collaterally estopped by prior court decisions from establishing that the alleged perjury resulted in the verdict against him.[3] In denying, on the same basis raised herein, Plaintiff's motion for a new trial in post-judgment proceedings in the state action, the trial justice found that the evidence provided several possible bases to support the verdict, and that the parties' dispute as to the validity of the letter was before the jury. In affirming the trial court's denial of the new trial motion, the Maine Law Court found that additional evidence on the issue of the letter's authenticity would merely have been cumulative.

■ However, the applicability of collateral estoppel in this instance [4] is barred by the very statute conferring Plaintiff's cause of action. Plaintiff is proceeding under 14 M.R.S.A. § 870, which states:

When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, *the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party,* or any injured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and *the judgment in the former action is no bar thereto.*

(Emphasis added.) The statute clearly provides a cause of action which the legislature intended would not be barred by the judgment in the lawsuit in which the perjury occurred. The language of the statute specifically contemplates that a party proceeding under this section may have sought relief from the judgment, as has happened in this case. However, the language is unequivocal that the judgment in the first action is to be no bar to an action under Section 870. While this Court has not located any cases construing Section 870 to determine its relationship to the doctrine of collateral estoppel, the Court must conclude that the language of the statute takes precedence over any potential judicial doctrine to the contrary and, therefore, will not apply collateral estoppel so as to bar Plaintiff's action in this case.

Collateral estoppel is the only argument raised by Defendant in response to Plaintiff's evidence in support of this motion.[5] Therefore, having determined that Plaintiff is not estopped, the Court must consider whether Plaintiff has demonstrated that an attachment of Defendant's property should issue, under the standard set forth at the beginning of this Memorandum.

## III. *Reasonable Likelihood of Success*

The reasonable likelihood of success standard is a "relatively low hurdle to clear." *Precision Communications, Inc. v. Rodrigue*, 451 A.2d 300, 301 (Me.1982). Recovery is sufficiently likely if an asserted claim supported by affidavit "is not of

---

**3.** Defendant also states in his Memorandum that he "vigorously disputes," as a factual matter, the falsity of the September 2, 1984 letter or testimony regarding Plaintiff's default, although he does not submit evidence to rebut Plaintiff's factual assertions.

**4.** The Court notes that the doctrine of collateral estoppel may not bar Plaintiff's proof on the issue of whether a proximate cause of the verdict was the allegedly perjured testimony. *See Spickler v. York*, 505 A.2d 87, 88 (Me.1986).

**5.** Defendant has challenged Plaintiff's compliance with other requirements of M.R.Civ.P. 4A, discussed *infra*.

such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery `...*" Barrett v. Stewart*, 456 A.2d 10, 11 (Me. 1983), *quoting Precision Communications*, 451 A.2d at 301. In this case, Plaintiff has submitted his own affidavits and Memorandum setting forth evidence tending to support his position that the Defendant's testimony of default was fabricated. Plaintiff has also submitted evidence from four other individuals which would tend to indicate that the Defendant's testimony that the Plaintiff was in default may have been false. The jury, in fact, found that the Plaintiff was in default. Therefore, Plaintiff's evidence as to the existence of perjury and the resulting injury to him is not of such insubstantial character that its invalidity clearly appears to foreclose a reasonable possibility of recovery under Section 870. However, the evidence in support of Plaintiff's motion fails in other respects as discussed herein.

### IV. *Sufficiency of Proof of Damages*

Defendant asserts that the Plaintiff has failed to establish damages sufficient to allow attachment or trustee process because Plaintiff's Bill of Damages and Memorandum is improperly sworn and fails to set forth specific facts supporting the damages claimed. A motion for attachment must be supported by affidavit. M.R. Civ.P. 4A(c). Affidavits required by this rule must set forth specific facts sufficient to warrant the required findings and must be "upon the affiant's own knowledge, information or belief; and so far as upon information and belief shall state that he believes this information to be true." M.R. Civ.P. 4A(h). Defendant asserts that Plaintiff's oath in the Verified Bill of Damages is deficient because it states that the "foregoing is correct *to the best of* [Plaintiff's] knowledge and belief." (Emphasis added.)

Compliance with the requirements of Rule 4A(h) must be strictly construed. *Bowman v. Dussault*, 425 A.2d 1325, 1328 (Me.1981). *See also Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 37 (Me.1978). An affidavit which is sworn only "to the best of" the affiant's knowledge, information and belief is deficient under M.R.Civ.P. 4A(h). *Englebrecht v. Development Corporation for Evergreen Valley*, 361 A.2d 908 (Me.1976).

However, a deficient jurat may be cured by a proper declaration contained in the body of the affidavit. *Ingalls v. Brown*, 460 A.2d 1379 (Me.1983). Plaintiff's Bill of Damages contains the following:

> Robert D. Spickler, Plaintiff above, being duly sworn deposes and states the damages sustained by him resulting from the perjury committed in the State Court trial by Defendant Dube are as follows[:]

While not tracking the statutory language, this statement could indicate that Mr. Spickler swears, from personal knowledge, to the damages he suffered as a result of Mr. Dube's alleged actions. If it is clear that the affidavit is based upon an affiant's personal knowledge, the affidavit need not include a separate statement that the affiant believes the information to be true. *Anderson v. Kennebec River Pulp & Paper Co.*, 433 A.2d 752, 755, n. 3 (Me.1981). *See also Shorette v. State*, 402 A.2d 450 (Me.1979). In *Herrick v. Theberge*, 474 A.2d 870, 874 (Me.1984), the Law Court allowed affidavits which substituted the words "the facts above are true" for the statutory language "upon the affiant's own knowledge."

Even assuming, however, that the declaration in the body of the Bill of Damages could cure the deficiency of the jurat, it could do so only if the averred statements were clearly within the Plaintiff's knowledge. It appears unlikely to the Court that Mr. Spickler has personal knowledge of all of the items listed in the Bill of Damages. For example, the largest item is titled "Loss of Profits in the Parker Head Development ... $547,000.00." Without more information the Court must assume that this sum is based on the Plaintiff's information and belief, not on his personal knowledge, since lost profits necessarily must be estimated and are usually the subject of proof by expert testimony. Therefore, the Court finds that Plaintiff's proof of damages is inadequate because it is im-

properly verified under the requirements of M.R.Civ.P. 4A(h).

In addition, under M.R.Civ.P. 4A(h), Plaintiff must set forth specific facts establishing the damages caused by the verdict. While the Maine Law Court has accepted the valuation of items fixed by the affiant in a case primarily involving household items, *Barrett v. Stewart*, 456 A.2d 10, 11 (Me.1983), more documentation of the figures chosen must be provided in this case in order for the Court to fairly determine the appropriate amount of attachment or trustee process. *See Bowman v. Dussault*, 425 A.2d at 1329. For these reasons, the Court concludes that Plaintiff has not properly proved the damages which he claims to have sustained.[6]

### V. Conclusion

Accordingly, Plaintiff's Motion for Leave to Attach the Real Estate Owned by Defendant Roger P. Dube and to Institute Trustee Process is hereby DENIED since Plaintiff has failed to properly specify and swear to facts supporting the amount of damages likely to be recovered and, in addition, has failed to make proper identification of the property to be attached pursuant to Local Rule 14(a).

So ORDERED.

---

**6.** Defendant also asserts that Plaintiff has failed to establish that insurance or other security are unavailable. However, under M.R.Civ.P. 4A(c) and 4B(c), offsetting sources of security must be shown by the *Defendant. Maine National Bank v. Anderschat*, 462 A.2d 482, 484 (Me.1983). *See also Chase Commercial Corp. v. Hamilton & Son*, 473 A.2d 1281, 1284 (Me.1984).