STATE of Maine

v.

George LEWRY.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1988.
Decided Nov. 4, 1988.

---

Paul Aranson, Dist. Atty., Carol Ann MacLennon (orally), Student Intern, Portland, for the State.

Zbigniew Kurlanski (orally), Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

George Lewry appeals from his jury conviction in the Superior Court (Cumberland County; *Lipez, J.*) for operating under the influence, 29 M.R.S.A. § 1312 (1978 & Supp.1987), and for violating the habitual offender law, *id.* § 2298 (Supp. 1987). We find no merit in any of Lewry's contentions that the trial court erred in denying his motion to suppress all evidence acquired following a police officer's stop of Lewry's vehicle. The stop was plainly justified by Lewry's violation of 29 M.R.S.A. § 1072 (1978) in failing to dim his headlights despite the officer's repeated signaling him to do so. An ordinary traffic stop to ask a few questions and to conduct field sobriety tests on a driver suspected of operating under the influence does not amount to custodial interrogation so as to require a warning of the driver's rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See Pennsylvania v. Bruder*, —— U.S. ——, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988) (per curiam). Finally, the order entered by default in the Secretary of State's license suspension proceeding can have no collateral estoppel effect since that order did not result from the actual litigation of any issue on the merits. *See Spickler v. York*, 505 A.2d 87, 88 (Me.1986) (per curiam).

The entry is:

JUDGMENT AFFIRMED.

All concurring.