STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-89

FILED & ENTERED
SUPERIOR COURT
JUL 1 5 2004
PENOBSCOT COUNTY

Tina M. Jay, Personal Representative
of the Estate of Tony L. Jay,
     Plaintiff

Order (Motion for Attachment
and Trustee Process)

v.

Emery Lee & Sons, Inc.
     Defendant

     Pending before the court is the plaintiff's motion for attachment and trustee process. The court has considered the parties' submissions on the motion and their presentations advanced at the July 7, 2004, hearing on the motion. In this action, the plaintiff seeks recovery for losses occasioned by the death of her husband in a motor vehicle collision that also involved an employee of the defendant.

     In support of the motion at bar, the plaintiff has submitted two affidavits: one that she executed, and one executed by her counsel of record. Counsel's affidavit is appended by three documents: an accident report prepared by a police officer; an accident reconstruction report prepared by a different police officer; and a report prepared by an economist. The first two reports are relevant to the question of liability, and the third bears on the plaintiff's claim for pecuniary loss. The defendant has not filed any counter-affidavits but rather challenges the legal sufficiency of the plaintiff's submissions as a basis for the order she seeks here.

     M.R.Civ.P. 4A(i) sets out the requirements for an affidavit that must accompany a motion for attachment. Rule 4B(c) incorporates those requirements into the procedure used to obtain attachment by trustee process. Under the former provision, an affidavit "shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and

1

belief, shall state that the affiant believes this information to be true." The form of the jurat authorized by this rule plainly allows the affiant to represent information that is both personally known and not personally known. If the latter, the affiant must swear that he believes that the information is true. Here, the jurat embodying counsel's oath satisfies this requirement, thus demonstrating that he (counsel) believes that the information in the two police reports and in the economist's report is true. The sufficiency of the jurat used here distinguishes this case from *Englebrecht v. Development Corp. for Evergreen Valley*, 361 A.2d 908 (Me. 1976), on which the defendant relies, because there the affiant did not affirmatively state that the affidavit expressed his actual knowledge, information or belief and because the jurat there was facially insufficient.

The defendant argues that counsel's affidavit, taken by itself, does not "set forth specific facts" as required by rule 4A(i), because the specific facts relating to the circumstances of the accident and to the pecuniary loss claim are set out, not in the affidavit, but in the three reports accompanying the affidavit. As a general matter, this observation is true.[1] The court concludes, however, that in the present circumstances, the format of the affidavit, essentially incorporating those reports, is not insufficient. The purpose of the requirement of factual specificity is to allow the court to properly assess whether the movant is more likely than not to prevail at trial and, if so, to determine the amount of any attachment or trustee process. *Cf. Bowman v. Dussault*, 425 A.2d 1325, 1329 (Me. 1981). Here, the best way to convey that underlying factual information to the court and to the motion opponent is through the reports prepared by the persons who have actually conducted the studies that resulted in their conclusions. There can be no question that those reports set out specific factual information that satisfies this aspect of rule 4A(i). The defendant argues that this information should be presented in the form of an affidavit. However, rule 4A(i) does not require the authors of those reports to execute an affidavit. Rather, the affiant could be a person who expresses a sworn belief that the reported information is true. Under the defendant's analysis, the affiant would be allowed simply to restate the contents of that report, rather than to incorporate the report

---

[1] Counsel's affidavit does independently set out some of the contents of the police reports. However, it restates nothing of the economist's report save the ultimate conclusion regarding the actual amount of pecuniary loss calculated by that economist.

into a properly sworn affidavit. When a report is attached to and functionally incorporated into the affidavit, then the affidavit itself must be deemed to include the "specific facts" required by the rule. Thus, although the plaintiff could have submitted affidavits executed by the authors of the reports, the format used here is still within the requirements of rule 4A(i).

Svenska Ortmedicinska Institutet v. DeSoto, 164 F.Supp.2d 27 (D.Me. 2001) does not compel a different result. There, the movant relied on an auditor's letter summarizing the status of accounts that constituted the grounds for a contract claim. *Id.* at 33-34. The letter itself was not presented in the form of an affidavit. *Id.* at 34. Additionally, from the court's opinion, it does not appear that was supported by *anyone's* oath satisfying the requirements of M.R.Civ.P. 4A. *Id.* ("Without an affidavit, the audit summary alone is insufficient to support a showing that Plaintiffs could recover a certain amount of damages from Defendants on their claims for breach of contract."). Further, to the extent that the federal court required information in an affidavit to be "admissible," *see id.,* this court respectfully disagrees. Rule 4A allows a movant to submit information that clearly would be inadmissible, *see Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 302, n. 3 (Me. 1982), because, for example, that information need not be supported by personal knowledge.

As a separate challenge to the motion, the defendant contends that 29-A M.R.S.A. § 2251(7) prohibits consideration of the two police reports. In part, that statute provides that the contents of an investigating officer's accident report "may not be admitted in evidence in any trial, civil or criminal, arising out of the accident." However, as the defendant agreed at the motion hearing, a motion for attachment and trustee process is not a trial. Further, standards of evidence are inapplicable here, as is shown in the rule's allowance for information or even beliefs that an affiant thinks are true. Although the purpose of accident reports may be other than evidentiary, the terms of section 2251(7) do not preclude consideration of those reports in the present context.

As part of the basis for attachment and trustee process, the plaintiff contends that she is more likely than not to obtain recovery of $400,000 for loss of the comfort, society and companionship of her husband. *See* 18-A M.R.S.A. § 2-804(b). In support of this part of her motion, the plaintiff has submitted her own affidavit, which factually

3

addresses the quality of the marital relationship and the decedent's role in the family. Additionally, in his affidavit, counsel has expressed an opinion that based on his experience, the plaintiff is likely to recover the full amount allowable ($400,000) for this part of her claim. The defendant contends that counsel's opinion should not be considered. The court is inclined to agree with the defendant's position. However, the court also finds that counsel's opinion is superfluous, because the plaintiff's affidavit, which contains information unchallenged by the defendant, is by itself sufficient to demonstrate the probability that her statutory general damages will reach the statutory maximum. In that affidavit, she states that they have a child of the marriage, that they planned to have another child, that he was relatively young, that he was in excellent health, that he was a good father, and, at least inferentially, that he was a good husband. All of these are unqualified and unlimited positive attributes that reflect on many aspects of his emotional connections to the plaintiff and their son. Even without the quantitative suggestion offered by counsel, this factual information is sufficient to support this part of the motion at bar.

In short, because the two police reports are properly before the court, the plaintiff has shown, more likely than not, that she will demonstrate the defendant's legal responsibility for the fatal accident. Further, because the economist's report is properly before the court, she has shown, more likely than not, that she will prove pecuniary damages of $1,130,984 and damages for loss of the decedent's the comfort, society and companionship in the amount of $400,000. The defendant has liability insurance of $1 million, leaving a difference of $530,984.

The entry shall be:

For the foregoing reasons, the plaintiff's motion for attachment and trustee process is granted. Attachment and trustee process may be made against the defendant's property in the amount of $530,984.

Dated: July 14, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

TINA M JAY PR EST TONY L JAY  - PLAINTIFF
P O BOX 1255
HOULTON ME 04730
Attorney for: TINA M JAY PR EST TONY L JAY
WARREN SILVER
THE SILVER LAW FIRM
133 BROADWAY
PO BOX 844
BANGOR ME 04402-0844

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2004-00089

DOCKET RECORD

vs
EMERY LEE AND SONS INCORPORATED - DEFENDANT
936 CENTRAL STREET
MILLINOCKET ME 04462
Attorney for: EMERY LEE AND SONS INCORPORATED
FREDERICK J BADGER JR
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429

Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 05/04/2004

## Docket Events:

05/05/2004 FILING DOCUMENT - COMPLAINT FILED ON 05/04/2004

05/05/2004 Party(s):  TINA M JAY PR EST TONY L JAY
        ATTORNEY - RETAINED ENTERED ON 05/04/2004
        Plaintiff's Attorney: WARREN SILVER

05/05/2004 Party(s):  EMERY LEE AND SONS INCORPORATED
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/04/2004
        BY PLAINTIFF.

05/05/2004 Party(s):  EMERY LEE AND SONS INCORPORATED
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/30/2004
        OFFICER'S RETURN OF SERVICE AS TO DEFENDANT BY PATRICIA LOCKE, ESQ.

05/05/2004 Party(s):  TINA M JAY PR EST TONY L JAY
        MOTION - APPROVAL ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 05/04/2004
        OF WARREN M. SILVER, ESQ. (EXHIBIT A THROUGH D ATTACHED) AND TINA M. JAY, TOGETHER WITH
        MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF ATTACHMENT AND TRUSTEE PROCESS, AND
        A PROPOSED ORDER.

05/05/2004 Party(s):  TINA M JAY PR EST TONY L JAY
        OTHER FILING - REQUEST FOR HEARING FILED ON 05/04/2004
        BY PLAINTIFF'S ON THEIR MOTION FOR APPROVAL OF ATTACHMENT AND TRUSTEE PROCESS, NON-
        TESTIMONIAL, ESTIMATE OF TIME IS 1/4 HOURS.

05/05/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/05/2004
        TO PLAINTIFF'S ATTORNEY.

05/18/2004 Party(s):  EMERY LEE AND SONS INCORPORATED