ENTERED AUG 2 9 2014

STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   CRIMINAL ACTION
                                  DOCKET NO. CR-13-06823
                                  JAW- CUM- 3/5/2014

STATE OF MAINE

v.                                ORDER ON MOTION TO SUPPRESS

STEVEN MAIER

## Introduction

Pending is Steven Maier's motion to suppress evidence arising out of a statement made by him to a Falmouth Police Officer after the officer determined that he had probable cause to arrest Mr. Maier for operating a motor vehicle while under the influence of intoxicants, Class D, 29-A M.R.S.A. §2411(1-A)(A). Maier alleged at the hearing on the motion to suppress first that the state lacked probable cause to arrest and then failure to administer his *Miranda* warnings before submitting him to custodial interrogation.

At the hearing on the motion to suppress, the State presented one witness, Officer Robert D. Ryder of the Falmouth Police Department. After considering all of the evidence, this court concludes for the reasons set forth below that the motion to suppress is denied. The Court finds, without any further discussion, that the officer had probable cause to arrest Maier based on his erratic operation of his motor vehicle, red, watery eyes and odor of intoxicating beverage, his admission that he had a couple of drinks with some friends, and his unsatisfactory performance on three field sobriety tests. *See State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976.

1

Before administering the field sobriety tests, the officer asked Maier to exit his vehicle and to come to the front of the vehicle to perform field sobriety tests where the road was flat. The officer asked Maier how much he had to drink and Maier responded, "three drinks." The officer then administered the horizontal gaze nystagmus test, the walk and turn test and the one leg stand test. After administering the three field sobriety tests, Officer Ryder formed an opinion that Maier was impaired. In forming that opinion, he considered Maier's operation of his motor vehicle, his unsuccessful completion of the field sobriety tests and the other factors leading up to the administration of the field sobriety test. Because he considered that Maier may be fifty pounds overweight and he recalled that some consideration was to be given to people overweight by this amount, the officer asked Maier how he would rank himself on a 1-10 scale of impairment with 10 being falling down drunk. When Maier answered, "8", the officer, who was surprised by the answer, asked him once again and got the same answer. The officer offered Maier a preliminary breath test, again because of his weight, and then placed Maier in handcuffs and took him to the Cumberland County Jail. The officer did not at any time advise Maier of his *Miranda* rights. Maier seeks to suppress his statement that he ranked himself an "8" on an impairment scale with 10 being falling down drunk.

## Discussion

*Miranda and Voluntariness of Statements Before Arrest*

The burden is on the State to prove beyond a reasonable doubt that Maier's statement was voluntary. *See State v. Sawyer*, 2001 ME 88, ¶ 8, 772 A. 2d 1173. The court must consider the totality of the circumstances in determining whether a confession

is voluntary. *Id.* at ¶ 7. "In order to find a statement voluntary, it must first be established that it is the result of defendant's exercise of his own free will and rational intellect." *Id.* at ¶ 8 (citation omitted). Factors to consider in doing this analysis include the following: details of the interrogation; duration of the interrogation; location of the interrogation; whether interrogation was custodial; recitation of the *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; any threats, promises or inducements made; and the defendant's age, physical and mental health, emotional stability and conduct. *Id.* at ¶ 9.

Scrutinizing all of the circumstances surrounding the police questioning before Maier was arrested, there is no evidence of any police trickery, threats, promises or inducements. Maier appeared to be alert and rational, and he could respond to questions with appropriate answers. There was no indication of any impairment of Maier's physical or mental condition, except as he performed on the field sobriety tests. The officer was speaking with Maier in a conversational manner about how much he had to drink, with the intent of giving Maier some additional consideration because of his weight. The officer's question and Maier's answer were voluntary under all of the circumstances.

Maier contends that the failure to advise him of his rights under *Miranda* requires that the court suppress any statements he made after the determination to arrest Maier was made by the officer. It is well-settled law that the police must give a *Miranda* warning to a person subject to custodial interrogation in order for the statements made in the course of the interrogation to be admissible against that person. "A suspect who is not formally arrested is subjected to a custodial interrogation if the suspect's

3

freedom of movement has been restrained 'to the degree associated with a formal arrest.'" *State v. Lockhart*, 2003 ME 108, ¶ 17, 830 A. 2d 433, 441, quoting *State v. Higgins*, 2002 ME 77, ¶ 12 796 A. 2d 50, 54.

When Maier made the statement, he was not yet under arrest although the officer had already decided to arrest him, nor was he subjected to custodial interrogation. He was not handcuffed, nor left in the presence of the second officer. He was not under arrest until Officer Ryder placed the handcuffs on Maier and took him to the County Jail. Since Maier was not subject to custodial interrogation before his arrest, the statement concerning his being an "8" is not suppressed.

Once Maier was arrested he was in custody and *Miranda* warnings were required before being questioned. However, there is no evidence of any custodial interrogation after Maier's arrest. The question about how much he had to drink was asked before Ryder was handcuffed and placed under arrest.

Maier argues that he was in custody at the time the questioned was asked because Officer Ryder admitted that he would have arrested him even if his answer had been a "0" because of his unsuccessful performance on the field sobriety tests. Maier argues Ryder went to far in his questioning having already decided to arrest him.

The State counters that under *State v. Lewry*, 550 A. 2d 64 (Me. 1988), this was justified noncustodial questioning because of his performance on the field sobriety tests. "An ordinary traffic stop to ask a few questions and to conduct field sobriety tests on a driver suspected of operating under the influence does not amount to custodial interrogation so as to require a warning of the driver's rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See Pennsylvania v.*

4

*Bruder,* 488 U.S. 9, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988) (per curiam)." The officer asked administrative questions at the side of the road before the defendant's arrest. An "ordinary traffic stop to ask a few questions and to conduct field sobriety tests on a driver suspected of operating under the influence does not amount to custodial interrogation" that requires *Miranda* warnings. *See State v. Lewry,* 550 A.2d 64, 65 (Me. 1988).

Considering the factors outlined in *State v. Michaud,* viewed in their totality, the court concludes that the defendant was not in custody. *See State v. Michaud,* 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226. On this record, a reasonable person in the defendant's position would not have concluded that he was "in police custody and constrained to a degree associated with formal arrest." *See id.* Accordingly, no *Miranda* warnings were required in order for the defendant's answers to the officer's questions before the arrest to be admissible. *See State v. Holloway,* 2000 ME 172, ¶ 13, 760 A.2d 223, 228.

Maier responds that at some point custody takes place and an objective standard is imposed in judging whether this was a custodial interrogation. That custodial standard is delineated in Michaud and the questioning of Maier does not implicate the Michaud factors to support a finding of custodial interrogation.

### Conclusion

The entry will be:
Defendant's motion to suppress is DENIED.

Date: March 4, 2014

Joyce A. Wheeler
Justice, Superior Court

5

STATE OF MAINE
  vs
ST    N MAIER
5 FLINTLOCK LANE
FALMOUTH ME 04105

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No  CUMCD-CR-2013-06823

**DOCKET RECORD**

DOB: 12/30/1960
Attorney: STEPHEN SCHWARTZ
         SCHWARTZ & SCHWARTZ PA
         482 CONGRESS ST
         PO BOX 15337
         PORTLAND ME 04112-5337
         RETAINED 11/08/2013

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

1   OPERATING UNDER THE INFLUENCE          10/02/2013 FALMOUTH
Seq 11493 29-A  2411(1-A)(A)          Class D
  RYDER                    / FAL

## Docket Events:

10/04/2013 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 10/04/2013

10/04/2013 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 11/14/2013 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
10/04/2013 BAIL BOND - $2,500.00 UNSECURED BAIL BOND FILED ON 10/04/2013

         Bail Amt: $2,500
         Date Bailed: 10/03/2013
         837
11/06/2013 Charge(s): 1
         SUPPLEMENTAL FILING -  COMPLAINT FILED ON 11/05/2013
         CASEY  CHRISTY , ASSISTANT CLERK
11/08/2013 Party(s): STEVEN MAIER
         ATTORNEY -  RETAINED ENTERED ON 11/08/2013

         Attorney: STEPHEN SCHWARTZ
11/14/2013 Charge(s): 1
         HEARING -  ARRAIGNMENT WAIVED ON 11/14/2013

11/14/2013 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 11/14/2013

         Attorney: STEPHEN SCHWARTZ
11/14/2013 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/29/2014 at 10:00 a.m. in Room No.  7

11/14/2013 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 03/10/2014 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL
01/14/2014 HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 01/14/2014
         DEBBIE  COOK , ASSISTANT CLERK

01/29/2014 HEARING - DISPOSITIONAL CONFERENCE HELD ON 01/29/2014
         ROLAND A COLE , JUSTICE
         Attorney:  STEPHEN SCHWARTZ
         DA:  MEGIN ELAM
         CONF HELD, OFFER MADE.                                    MOTIONS FILED
         AND TO BE HEARD 3-4-14
01/29/2014 Charge(s): 1
         MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/29/2014


01/29/2014 Charge(s): 1
         MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 01/29/2014


         (THE STOP)
01/29/2014 Charge(s): 1
         MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/29/2014


         MOTION FOR VIDEO AND/OR AUDIOTAPES AND/OR PHOTOGRAPHS
01/29/2014 Charge(s): 1
         MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/29/2014


         MOTION FOR INTOXILYZER RECORDS
01/29/2014 Charge(s): 1
         MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/29/2014


         MOTION FOR DISPATCH RECORDS,TAPES OR TRANSCRIPTS FROM 10-2-13
01   /2014 Charge(s): 1
         MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/29/2014


         MOTION TO PRESERVE ORIGINAL NOTES BY LEO AND DISSEMINATION TO DEFENSE      COUNSEL
01/29/2014 Charge(s): 1
         HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 03/04/2014 at 01:00 p.m. in Room No.  1


         NOTICE  TO PARTIES/COUNSEL
01/29/2014 Charge(s): 1
         HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 01/29/2014

03/04/2014 Charge(s): 1
         HEARING -  MOTION TO SUPPRESS HELD ON 03/04/2014
         JOYCE A WHEELER , JUSTICE
         Attorney:  STEPHEN SCHWARTZ
         DA:  STUDENT ATTORNEY
         Defendant Present in Court


         TAPE 5813                                              ADA INTERN
         CONNOLLY
03/04/2014 Charge(s): 1
         MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 03/04/2014
         JOYCE A WHEELER , JUSTICE
03/05/2014 Charge(s): 1
         MOTION -  MOTION TO SUPPRESS DENIED ON 03/05/2014
         JOYCE A WHEELER , JUSTICE
         COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _Sally A Bourget_
Clerk